UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

SCOTT E. WOODWORTH and
LYNN M. WOODWORTH,

               Plaintiffs,

    v.

ERIE INSURANCE COMPANY,

               Defendant.
_____

<u>DECISION & ORDER</u>

05-CV-6344CJS

        This Court reserved decision on plaintiffs' motion to compel responses to the first two requests ("Request Nos. 1 and 2") in their Second Request for Production of Documents (the "Second Request") (Docket # 36) pending receipt and review of the transcript of the deposition of Nancy H. Mowins. (Docket # 48). Having reviewed the transcript, as well as the papers submitted by both sides in connection with the motion, I find and conclude as follows.

        **1.** I find that plaintiffs have demonstrated good cause to excuse their short delay in filing the pending motion to compel. Although the motion was filed three weeks after the deadline set by the Court for such motions (*see* Docket # 34), the motion relates to requests for documents about which Ms. Mowins testified at her deposition. That deposition occurred on October 24, 2006, which was within the time frame set for completion of fact discovery, but beyond the October 16, 2006 deadline for filing motions to compel. It was scheduled after that filing deadline to accommodate Ms. Mowins's vacation, which was scheduled for late September through October 16, 2006. (Docket # 36, Exhibit ("Ex.") C). Two days after Ms. Mowins's deposition, plaintiffs' counsel served their Second Request; two days after receiving defendant's

objections thereto, plaintiffs filed the instant motion to compel. (Docket # 36, Ex. G). On this record, I find that good cause has been shown to excuse plaintiffs' failure to comply with the deadline set for filing motions to compel. *See*, *e.g.*, *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000) (good cause standard applies to Rule 16(b) scheduling deadlines and "depends on the diligence of the moving party"); *Culton v. New York State Dep't of Corr. Servs.*, 2007 WL 748438 (W.D.N.Y. 2007) ("once the . . . [s]cheduling [o]rder was issued, the deadlines set in such order could not be amended absent good cause"). Accordingly, I will proceed to consider defendant's remaining objections to the requests.

**2.** I further find that plaintiffs have shown good cause to allow them to serve Requests Nos. 1 and 2. Defendant correctly notes that under Rule 34 of this Court's Local Rules, parties are limited to twenty-five document requests absent written agreement of the parties or leave of the Court. Acknowledging that limitation, plaintiffs have moved for permission to serve the additional two requests (permission to file three others was granted from the bench following oral argument).

Under the Local Rules, "[l]eave to serve additional requests shall be granted to the extent consistent with the principles of Federal Rule of Civil Procedure 26(b)(2)." Two considerations lead me to exercise my discretion to grant plaintiffs' request. First, defendant has not in fact provided documents responsive to twenty-five requests. In response to plaintiffs' First Request for Production of Documents, defendant objected to eight of the twenty-five requests and thus, to date, has produced documents responsive to a total of twenty requests. (Docket # 36, Ex. A, Responses Nos. 3, 6, 11, 12, 21, 22, 23 and 25). Second, the documents requested in Requests Nos. 1 and 2 of the Second Request are arguably encompassed by certain of the earlier

2

requests contained in the First Request for Production of Documents.  (*See* Docket # 36, Ex. A, Request 12 and 14).  Rather than determine that issue, particularly since plaintiffs did not move to compel responses to those original requests, I will proceed to consider the relevance of the documents requested in Requests Nos. 1 and 2, which are more narrowly drawn than the original requests and relate specifically to testimony offered by Ms. Mowins.  In sum, for these reasons, I find that defendant will suffer no genuine prejudice by requiring it to respond to Requests Nos. 1 and 2, provided those requests are relevant – an issue I now proceed to address.

        **3.**  Requests Nos. 1 and 2 seek production of documents provided to Ms. Mowins during seminars she attended at which presentations were made by Roy Mura, Esq. (Request No. 1) and Rupp, Baase, Pfalzgraf, Cunningham & Coppola (Request No. 2) concerning the calculations or determination of replacement cost value and/or actual cash value in connection with claims for property losses.  (Docket # 36, Ex. D).  These requests arise directly from Ms. Mowins's testimony.  Ms. Mowins, the claims adjuster assigned to plaintiffs' claim, testified that during seminars sponsored by defendant that she attended during work hours, she received documents in written and electronic form relating to, *inter alia*, determination of actual cash value and replacement cost value.  (Mowins Tr. at 22-32).  She recalled that she received materials from Roy Mura, Esq. concerning determination of actual cash value, including application of the broad evidence factors and materials from the Rupp, Baase law firm concerning determination of replacement cost value.  (*Id.*).  She further testified that she used the Mura materials in conducting broad evidence analyses, including those pertaining to the insured loss at issue in this case.  (*Id.* at 32-36).  While she acknowledged that defendant had no formal company-wide policy concerning the methodology to be used in performing a broad evidence

analysis, she also testified that she believed that the Rochester office had adopted an informal policy of using the format recommended by Mr. Mura in his seminars. (*Id.* at 32-34). Importantly, she stated that her supervisors approved her use of this methodology. (*Id.* at 32-33, 36).

Defendant objects to Requests Nos. 1 and 2 on the grounds of relevance. The objections are well-taken insofar as they relate to those portions of the requests that seek documents relating to replacement cost value. Following Judge Siragusa's decision on the parties' motions for summary judgment, the only claim that remains is plaintiffs' breach of contract action based upon defendant's calculation and payment of actual cash value. (Docket # 23). Accordingly, those objections are sustained.

I reach a contrary conclusion, however, with respect to the objection to the production of materials pertaining to actual cash value. While defendant is correct that plaintiffs bear the burden of establishing damages (in this case a higher actual cash value computation than that tendered by defendant), discovery of the methodology used by defendant in arriving at that figure is not irrelevant to the issue whether defendant breached its contractual obligation to reimburse plaintiffs for the "full extent of the loss" they sustained. Moreover, the dispute whether Ms. Mowins's utilization of and reliance upon the materials distributed during the seminars was pursuant to a formal policy of defendant or an informal practice of Ms. Mowins (approved by her supervisors) largely misses the mark. Ms. Mowins was the claims adjuster for the claim at issue in this case. Her work contributed to defendant's final determination of the actual cash value amount that was paid to plaintiffs. On these facts, what she did as part of that process, including the application of guidelines, methodology or considerations for determinating

actual cash value that were recommended during the seminars she attended, is relevant to the one remaining claim in this case. Accordingly, I grant plaintiffs' motion to compel defendant to respond to Requests Nos. 1 and 2 insofar as they seek materials provided to Ms. Mowins relating to the calculation of actual cash value.[1]

      4.  Defendant is directed to provide the requested documents by **February 15, 2008**, and the parties are directed to complete Ms. Mowins's deposition by **February 29, 2008**. The parties are further directed to provide to this Court by **February 15, 2008**, a proposed scheduling order for any remaining fact discovery, expert discovery, motions to compel and motions for summary judgment.

**IT IS SO ORDERED.**

                                              *s/Marian W. Payson*
                                              MARIAN W. PAYSON
                                              United States Magistrate Judge

Dated: Rochester, New York
       January  31 , 2008

---

[1] It is unclear on the record before this Court whether defendants believe that any documents responsive to these requests may be protected under the attorney-client privilege, and thus I do not make that determination at this time. I note that the record before me does not provide an adequate factual basis upon which to assess any such claim, even were it made.