UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

SCOTT E. WOODWORTH and
LYNN M. WOODWORTH,

                          Plaintiffs,           No. 05-CV-6344 CJS

-vs-

                                                DECISION AND ORDER

ERIE INSURANCE COMPANY,

                          Defendant.

_____

APPEARANCES

For plaintiffs:         Howard E. Berger, Esq.
                            Duke, Holzman, Yaeger & Photiadis, LLP
                            1800 Main Place Tower
                            Buffalo, New York 14202

For defendants:      R. Anthony Rupp, III, Esq.
                            Rupp, Baase, Pfalgraf, Cunningham
                            & Coppola LLC
                            1600 Liberty Building
                            Buffalo, New York 14202

INTRODUCTION

      This action involves a dispute between the parties to a homeowner's insurance policy over the amount due to Plaintiff's after their home was destroyed by a propane gas explosion. Now before the Court are Defendant's Objections [#56] to a Decision and Order [#54] of the Honorable Marian W. Payson, United States Magistrate Judge. For the reasons that follow, Defendant's Objections are denied.

BACKGROUND

The background facts of this action were set forth in a previous Decision and Order [#23] of the Court, and need not be repeated here. It is sufficient to note that, on November 6, 2006, Plaintiffs filed a Motion to Compel [#36] Defendant's response to Plaintiffs Second Request for Production of Documents ("Second Request"). In that regard, Plaintiffs' Second Request included five specific document requests. Defendant opposed the motion, arguing, *inter alia*, that the Second Request and the Motion to Compel were both untimely, that the demands in the Second Request exceeded the number of demands permitted by Local Rule 34, and that one of the document demands, seeking Defendant's training and reference materials, should be denied since the materials were not relevant. Additionally, Defendant argued that some of the requested materials were protected by the attorney-client privilege. Specifically, Defendant's counsel, Mr. Rupp, submitted an affirmation in opposition to the Motion to Compel, that specifically argued that the attorney-client privilege applied to the fifth demand contained in Plaintiffs' Second Request for Production of Documents. (*See*, Rupp. Affirmation [#42] ¶ 37) ("The fifth demand in plaintiffs' Second Request seeks all communications between Erie and its counsel in October and November 2003 concerning the calculation of Erie's actual cash value figure. . . . Any communications responsive to this demand are protected by the attorney-client and attorney work-product privileges."). On the other hand, Rupp argued that the Motion to Compel should be denied as to the training and reference materials demanded in Plaintiffs' second request solely on the ground that the materials were irrelevant. *Id*. at ¶¶ 29-36.

On November 30, 2006, Magistrate Judge Payson issued a Decision and Order [#48], granting Plaintiffs' Motion to Compel with regard to the third and fourth requests contained in Plaintiffs' Second Request, and granting the application in part with regard to the fifth request. With regard to such fifth request, the Decision and Order stated: "GRANTED IN PART as to plaintiffs' fifth request insofar as defendant shall prepare and produce to plaintiffs a privilege log in accordance with the requirements of Local Rule of Civil Procedure 26(f)." (Decision and Order [#48] at 2). However, Judge Payson reserved decision on the Motion to Compel with regard to the first and second requests contained in Plaintiffs' Second Request.

On January 31, 2008, Magistrate Judge Payson issued a further Decision and Order [#54], addressing the issues upon which she had previously reserved decision. Specifically, Judge Payson ruled that Plaintiffs had shown good cause for filing the Motion to Compel beyond the scheduling deadline, and that they were entitled to serve the first and second requests contained in their Second Request for Production of Documents. Additionally, Judge Payson granted Plaintiffs' Motion to Compel, with regard to the first and second document requests contained in the Second Request for Production of Documents, insofar as the requests related to insurance payments based on actual cash value, but denied the requests insofar as they pertained to replacement cost value. In granting the Motion to Compel, Judge Payson rejected Defendant's argument that the documents being sought were irrelevant. Finally, Judge Payson's Decision and Order stated, in a footnote: "It is unclear on the record before this Court whether defendants [sic] believe that any documents responsive to *these requests* may be protected under the attorney-client privilege, and thus I do not make that

3

determination at this time. I note that the record before me does not provide an adequate factual basis upon which to assess any such claim, even were it made." (Decision and Order [#54] at 5, n.1) (emphasis added).

On March 10, 2008, Defendant filed the subject Objections [#56], alleging that Magistrate Judge Payson's rulings, concerning the first and second document requests, were clearly erroneous or contrary to law in several respects. For example, Defendant contends that it was error to allow Plaintiffs to file their Second Request and Motion to Compel beyond the scheduling deadline. Defendant also maintains that Magistrate Judge Payson erred in finding that the training and reference materials were relevant to Plaintiff's case. Defendant further claims that the Magistrate Judge failed to address Defendant's claim of attorney-client privilege. (Objections [#56] at 15) ("[T]he documents sought are not discoverable because they are protected by the attorney-client privilege. The magistrate's Decision and Order was clearly erroneous and its effect is contrary to law because the magistrate failed to address this issue adequately, even though it was briefed by both parties in papers before the magistrate."). On March 28, 2008, Plaintiffs' filed a response [#58] to the Objections.

ANALYSIS

Pursuant to Rule 72(a) of the Federal Rules of Civil Procedure and Title 28 U.S.C. § 636(b)(1)(A), this Court may review non-dispositive matters previously decided by a magistrate judge and set them aside if they are clearly erroneous or contrary to law. FED. R. CIV. P. 72(a); 28 U.S.C. § 636(b)(1)(A) (2002). A finding is clearly erroneous if, "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been

committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948). The instant application clearly involves matters that are non-dispositive.

Having reviewed the entire record in this matter, including the subject Decision and Order [#54], the parties' submissions in connection with the Motion to Compel, and the parties' submissions in connection with the subject Objections, the Court finds that the challenged Decision and Order [#54] is neither clearly erroneous nor contrary to law. Particularly with regard to Defendant's claim that the Decision and Order failed to address the attorney-client privilege issue, the Court agrees with Judge Payson that Defendant did not assert that privilege with regard to the first and second requests contained in Plaintiffs' Second Request, which were the subject of the challenged Decision and Order [#54].

## CONCLUSION

For the foregoing reasons, Defendant's Objections are denied, and Magistrate Judge Payson's Decision and Order [#54] is affirmed in all respects.

So Ordered.

Dated: Rochester, New York
     August 7, 2008

ENTER:

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge