UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

SCOTT E. WOODWORTH and
LYNN M. WOODWORTH,

                               Plaintiffs,         No. 05-CV-6344 CJS

-vs-

                                                    DECISION AND ORDER

ERIE INSURANCE COMPANY,

                               Defendant.

_____

APPEARANCES

| | |
|---|---|
| For Plaintiffs: | Howard E. Berger, Esq.<br>Duke, Holzman, Photiadis & Gresens, LLP<br>1800 Main Place Tower<br>Buffalo, New York 14202 |
| For Defendant: | R. Anthony Rupp, III, Esq.<br>Marco Cercone, Esq.<br>Rupp, Baase, Pfalgraf, Cunningham<br>& Coppola LLC<br>1600 Liberty Building<br>Buffalo, New York 14202 |

INTRODUCTION

    This action involves a dispute between the parties to a homeowner's insurance policy over the amount due to Plaintiffs after their home was destroyed by a propane gas explosion. Now before the Court are Defendant's Objections [#78] to a Report and Recommendation ("R&R") [#77] of the Honorable Marian W. Payson, United States Magistrate Judge. For the reasons that follow, Defendant's Objections are denied, the R&R is modified, and Plaintiff's motion [#64] to amend the complaint is denied.

1

BACKGROUND

The background facts of this action were set forth in a previous Decision and Order [#23] of the Court, and need not be repeated here. It is sufficient to note that Plaintiff's are suing for breach of their homeowner's insurance policy, seeking payment for the value of their home, which was destroyed, and "additional living expenses" as defined in the policy. On January 14, 2009, Plaintiffs filed a motion [#64] to amend the Complaint, to assert three additional claims: 1) a claim for emotional damages; 2) a claim for further additional living expenses; and 3) a claim for attorney's fees. Plaintiffs purported to seek the amendment in response to a decision by the New York Court of Appeals, in *Bi-Economy Market, Inc. v. Harleysville Ins. Co. Of New York*, 10 N.Y.3d 187 (2008) ("*Bi-Economy*"), which, Plaintiffs maintained, "held for the first time that an insured may recover extracontractual consequential damages by reason of an insurer's breach of the policy." (Plaintiff's Memo of Law at 2).

Defendant opposed the motion on various grounds, including that it was untimely and that Plaintiffs had not demonstrated good cause for the delay.

On June 12, 2009, Magistrate Judge Payson issued a Report and Recommendation [#77] ("R&R"), recommending that this Court grant the motion in part and deny it in part. Since Plaintiffs' motion was made beyond the deadline for such applications set by the Court's Scheduling Order, Magistrate Judge Payson considered whether Plaintiff's had shown good cause for the delay. Specifically, Judge Payson considered two factors: Whether Plaintiffs had been diligent in bringing the motion, and whether Defendant would be prejudiced by the amendment. With regard to the first factor, Judge Payson concluded that Plaintiffs had not been diligent, since they waited

2

until eleven months after the *Bi-Economy* decision was issued to file the motion. As for the second factor, Judge Payson found that Defendant would be prejudiced by the emotional distress claim, since it would require additional discovery[1] that would "inevitably delay this ligitation," but would not be prejudiced by the claims for additional living expenses and attorney's fees, since they would not require extensive additional discovery. In that regard, Judge Payson found that the emotional distress claim would require discovery "including continued depositions of both plaintiffs and disclosure of medical records," while the attorney's fee claim would require no additional discovery, and the living expenses claim would require very limited discovery, concerning Plaintiff's living expenses from January 2009 onward. Judge Payson further found, though, that the proposed claim for attorney's fees claim would futile in any event, since *Bi-Economy* did not "alter in the insurance context the traditional American rule that each party should bear its own attorney's fees." (R&R at 9). Consequently, Judge Payson recommended that the undersigned deny the motion as to the emotional distress and attorney's fees claims, and grant it as to the claim for additional living expenses. Judge Payson further recommended that the undersigned grant Plaintiff sixty days in which to conduct additional discovery concerning the living expenses claim.

On June 22, 2009, Plaintiffs filed Objections [#78] to the R&R. With regard to the attorney's fee claim, Plaintiffs contend that the claim is not futile, since the United States District Court for the Northern District of New York, in *Chernish v. Massachusetts*

---

[1]Plaintiffs filed the motion to amend two days before the deadline for the completion of all discovery. (Amended Scheduling Order [#60]).

*Mutual Life Ins. Co.*, 2009 WL 385418 (N.D.N.Y. Feb. 10, 2009), held that *Bi-Economy* permits the recovery of attorney's fees from insurers. Plaintiffs further contend that Defendant would not be prejudiced by additional discovery concerning the emotional distress claim. On July 2, 2009, Defendant filed a response, urging the Court to adopt the R&R.

ANALYSIS

Where a Magistrate Judge has issued an R&R concerning a motion that is dispositive of a claim, this Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." FRCP 72(b)(3); *see also*, 28 U.S.C. § 636(b)(1)(C).[2] As the second sentence of the preceding quote indicates, a district court may reject or modify a report and recommendation even where neither party has objected. *See, Grassia v. Scully*, 892 F.2d 16, 19 (2d Cir. 1989) ("Even if neither party objects to the magistrate's recommendation, the district court is not bound by the recommendation of the magistrate.").

Where a party seeks to amend a pleading beyond a court-ordered deadline for doing so, a court must determine whether the party has shown "good cause":

> Pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, a court should freely give leave to amend when justice so requires. . . .
> Generally, a district court has discretion to deny leave for good reason,

---

[2]The motion to amend is considered dispositive in nature, because denying it would dispose of Plaintiff's proposed claims. That is the reason Magistrate Judge Payson issued a Report and Recommendation, as opposed to a Decision and Order. In its response to Plaintiff's Objections, Defendant did not set forth the correct "de novo" standard of review, but instead set forth the "clearly erroneous" standard, which is applied to objections concerning non-dispositive motions. (Written Statement of Defendant [#79] at 3-4).

> including futility, bad faith, undue delay, or undue prejudice to the opposing party. Where, as here, a scheduling order governs amendments to the complaint, see Fed.R.Civ.P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."), the lenient standard under Rule 15(a), which provides leave to amend shall be freely given, must be balanced against the requirement under Rule 16(b) that the Court's scheduling order shall not be modified except upon a showing of good cause. Whether good cause exists turns on the diligence of the moving party.

*Holmes v. Grubman*, 568 F.3d 329, 334-335 (2d Cir. 2009) (citations and internal quotation marks omitted).

In *Kassner v. 2nd Avenue Delicatessen Inc.*, 496 F.3d 229, 243 (2d Cir. 2007), the Second Circuit reiterated that "'good cause' depends on the diligence of the moving party." The Circuit Court then continued:

> According to the principles we discussed in *Parker* [*v. Columbia Pictures Indus.*], 204 F.3d [326,] 339-40 [(2d Cir. 2000)], the primary consideration is whether the moving party can demonstrate diligence. It is not, however, the only consideration. The district court, in the exercise of its discretion under Rule 16(b), also may consider other relevant factors including, in particular, whether allowing the amendment of the pleading at this stage of the litigation will prejudice defendants.

*Id*. at 244. The Court interprets this statement to mean that, even where the moving party has been diligent, a court may nonetheless *deny* a late motion to amend when it would prejudice the non-moving party. The Court does not understand this language from *Kassner* to mean that where the moving party has *not been diligent*, a court many nonetheless grant the motion if it would not prejudice the non-moving party. *See, e.g., Augustine v. AXA Financial, Inc.*, No. 07 Civ. 8362, 2008 WL 5025017 at *2 (S.D.N.Y. Nov. 24, 2008) ("The primary consideration is whether the moving party can demonstrate diligence. *See Kassner*, 496 F.3d at 244; *Parker*, 204 F.3d at 340. The Court 'may [also] consider other relevant factors including, in particular, whether

5

allowing the amendment of the pleading at this stage of the litigation will prejudice defendants.' *Kassner*, 496 F.3d at 244. *However, the absence of prejudice to a nonmoving party does not alone fulfill the good cause requirement of Rule 16(b)*. *Estate of Ratcliffe v. Pradera Realty Co.*, 05 Civ. 10272(JFK), 2007 WL 3084977, at *1 (S .D.N.Y. Oct. 19, 2007).") (emphasis added); *but see, Fuller v. Summit Treestands, LLC*, No. 07-CV-330, 2009 WL 483188 at *6, n.5 (W.D.N.Y. Feb. 25, 2009) (Finding it "questionable," in light of *Kassner*, whether "the absence of prejudice" alone can "fulfill the 'good cause' requirement.").

Here, the R&R found that Plaintiffs met the "good cause" standard, even though they did not act diligently. In that regard, the R&R noted that Plaintiffs waited until eleven months after the *Bi-Economy* decision to file their motion, and "assumed the risk that the delay attendant to their wait-and-see approach would not be excused under the good cause standard." (R&R [#77] at 7). The R&R continued:

> Moreover, discovery was continuing during that eleven-month period and indeed was scheduled to conclude (other than one deposition which the parties were permitted additional time to conduct) a mere two days after plaintiffs filed the instant motion. Under these circumstances, I find that Plaintiff's reason for the delay falls short of the showing necessary to establish that they acted with the requisite diligence.

*Id*. Nevertheless, the R&R, based on its understanding of *Kassner,* that "diligence or lack thereof, while constituting the principal consideration in determining whether to grant a motion to amend under Rule 16, is not the only factor a court must consider," found that Plaintiffs still met the good cause standard because Defendant would not be prejudiced. *Id*. at 8.

As discussed earlier, the Court disagrees with such an interpretation of *Kassner*,

6

and therefore holds that the motion to amend must be denied because Plaintiffs failed to meet the threshold diligence requirement. Consequently, the Court need not address Plaintiffs' objections to the R&R.

## CONCLUSION

For the reasons discussed above, Plaintiff's Objections [#78] are denied, the Report and Recommendation is modified as discussed herein, and Plaintiff's motion [#64] to amend is denied.

So Ordered.

Dated: Rochester, New York
October 29, 2009

ENTER:

/s/ Charles J. Siragusa

CHARLES J. SIRAGUSA
United States District Judge