UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

SCOTT E. WOODWORTH, et al.,

            Plaintiffs,

DECISION AND ORDER

       -v-

05-CV-6344 CJS

ERIE INSURANCE COMPANY,

            Defendant.

INTRODUCTION

In this action Plaintiffs are suing to recover amounts which they maintain Defendant owes them under a homeowner's insurance policy. On September 21, 2010, the Court issued a Decision and Order [#89] which addressed Defendant's motion for partial summary judgment [#82] and which *sua sponte* amended a prior Decision and Order of the Court and reinstated a claim for breach of contract based on Defendant's alleged breach of the policy's appraisal clause concerning replacement cost. Now before the Court is Defendant's motion [#90] for argument and reconsideration of the portion of the most-recent Decision and Order which reinstated the breach-of-contract claim concerning appraisal of replacement cost. The application is granted in part and denied in part.

BACKGROUND

The reader is presumed to be familiar with the facts of this case which were detailed in the Court's prior Decision and Order [#89]. In that Decision and Order the Court addressed Defendant's motion for partial summary judgment, which sought a determination that Defendant was not liable to pay Plaintiffs for living expenses beyond what it had already paid. The Court also *sua sponte* revisited a ruling that it made in an earlier Decision and

Order [#23] issued on January 18, 2006. In that 2006 Decision and Order [#23], the Court had held that Plaintiffs could not sue for breach of the policy's appraisal clause based on Defendant's failure to engage in the appraisal process with regard to replacement cost, since Plaintiff's had not rebuilt their house. *See*, Decision and Order [#23] at 10 ("The Court agrees with Defendant that the claim for breach of the appraisal clause must fail as a matter of law, since Plaintiffs have not repaired or replaced their home. . . . [T]he amount of loss, if any, attributable to repairing or replacing the home cannot be determined until the repair or replacement is completed.") (citations omitted). In the subsequent Decision and Order [#89], the Court reversed itself, based on the decision in *SR Intern. Business Ins. Co. Ltd. v. World Trade Center Properties, LLC*, 445 F.Supp.2d 320, 333 (S.D.N.Y. 2006) ("*SR Intern.*"), which observed that

> hypothetical replacement cost is routinely calculated prior to the determination of whether a policyholder is entitled to recover replacement cost. This timing makes sense because the early calculation of hypothetical replacement cost informs the insured of the upper limit on the funds available for rebuilding and can thus influence the insured's decision as to whether and how to rebuild.

*Id*. at 333 (citations omitted).

In this application Defendant maintains that the Court's ruling on this point was mistaken. According to Defendant, it has no obligation to engage in appraisal concerning replacement cost unless and until Plaintiffs actually rebuild their house, which they have not done. Essentially, Defendant contends that it has no duty to provide guidance to its insured concerning the estimated cost of replacing the home. Instead, Defendant argues that Plaintiffs must first rebuild the house and hope that they will be reimbursed by Defendant. Defendant further maintains that it will never have an obligation to engage in appraisal as to replacement cost in this action, since any claim for replacement cost would be untimely

2

under the policy.[1]  Defendant therefore asks the Court to find that any claim concerning appraisal of replacement cost is unripe, and that a claim for replacement cost would be time-barred in any event.

DISCUSSION

Plaintiff brings the subject motion pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.[2]  It is well settled that when making such a motion,

> the moving party must show that the Court overlooked the controlling decisions or factual matters that were put before the Court in the underlying motion. *Nakano v. Jamie Sadock, Inc.*, No. 98 Civ. 0515, 2000 WL 1010825, at *1 (S.D.N.Y. July 20, 2000); *Walsh v. McGee*, 918 F.Supp. 107, 110 (S.D.N.Y.1996). However, in addition, "[a] court is justified in reconsidering its previous ruling if: (1) there is an intervening change in the controlling law; (2) new evidence not previously available comes to light; or (3) it becomes necessary to remedy a clear error of law or to prevent obvious injustice." *See Nnebe v. Daus*, No. 06 Civ. 4991, 2006 WL 2309588, at *1 (S.D.N.Y. Aug. 7, 2006). New evidence, for these purposes, must be evidence that "could not have been found by due diligence." *Word v. Croce*, No. 01 Civ. 9614, 2004 WL 434038, at *4 (S.D.N.Y. March 9, 2004).
>
> These rules are "narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the court." *See Walsh*, 918 F.Supp. at 110. Strict application of these rules also "prevent[s] the practice of a losing party examining a decision and then plugging the gaps of the lost motion with additional matters." *Polar Int'l Brokerage Corp. v. Reeve*, 120 F.Supp.2d 267, 268-69 (S.D.N.Y. 2000). The moving party may not use a motion for reconsideration to advance new facts, arguments, or theories that were available but not previously presented to the Court. *See Graham v. Sullivan*, No. 86 Civ. 163, 2002 WL 31175181, at *2 (S.D.N.Y. Sept. 23, 2002); *Leonard v. Lowe's Home Ctrs., Inc.*, No. 00 Civ. 9585, at *2 (S.D.N.Y. April 12, 2002).

---

[1] *See*, Cercone Aff. [#90-1] ¶ 11 ("In New York, the failure of an insured to complete repair or replacement 180 days from payment of the actual cash value renders a claim for replacement costs untimely.").

[2] Defendant states that its motion can be construed as being made under either Rule 59(e) or 60(b). Def. Memo of Law [#90-4] at 3.

3

*U.S. v. Billini*, No. 99 CR. 156(JGK), 2006 WL 3457834 at *1 (S.D.N.Y. Nov. 22, 2006). A district court's decision to deny a motion under Rule 59(e) is reviewed on appeal for abuse of discretion. *Munafo v. Metro. Transp. Auth.*, 381 F.3d 99, 105 (2d Cir. 2004).

Defendant maintains that the Court committed a "clear error of law" by "overlook[ing] controlling decisions on the issues of appraisal and the ripeness requirement for replacement-cost claims." Def. Memo of Law [#90-4] at 3. On this point, Defendant primarily cites *D.R. Watson Holdings, LLC v. Caliber One Indem. Co.*, 15, A.D.3d 969, 789 N.Y.S.2d 787 (4th Dept. 2005) ("*D.R. Watson*"). However, the Court did not overlook that decision, but cited it in its prior Decision and Order ([#89] at 17). Moreover, *D.R. Watson* holds that an insured cannot obtain an appraisal award *awarding payment* of replacement cost until the insured has actually repaired or replaced the insured property. *See, D.R. Watson*, 789 N.Y.S.2d at 969 ("Supreme Court erred in granting . . . Plaintiff's motion seeking to confirm the appraisal award and in awarding plaintiffs the amount of $1,810,920 as the replacement cost[.] [P]laintiffs are not entitled to *recover* replacement cost . . . until the lost or damaged property is actually repaired or replaced[.]") (emphasis added). The *D.R. Watson* decision does not address the precise issue presented here, which is whether Plaintiffs can invoke the appraisal clause to require Defendant to agree to an estimated replacement cost prior to actually rebuilding.

For other reasons, though, the Court concludes that Defendant is correct about the replacement cost claim being unripe for appraisal. First, the *SR Intern*. decision upon which this Court relied is not entirely on point. In that regard, the parties in *SR Intern*. had stipulated to having an appraisal panel determine replacement cost. *Id.* at 326.

4

Additionally, the policies in *SR Intern*. envisioned calculation of "hypothetical cost of rebuilding," which the instant policy does not. *Id*. at 328, 332. Furthermore, New York Insurance Law § 3404(g) states in pertinent part that "the provisions of the appraisal clause . . . shall be *binding* on all parties to the contract." (emphasis added). Such provision therefore does not intend for appraisals to provide advisory or hypothetical calculations of replacement cost, since those would obviously not be binding. For these reasons, the Court grants Defendant's motion for reconsideration insofar as it asks the Court to find that any claim for breach of the appraisal provision is unripe with respect to replacement cost. That claim is accordingly dismissed. However, Plaintiff still has a claim for breach of the appraisal clause concerning actual cash value.[3]

As for the second aspect of Defendant's motion, the Court disagrees with Defendant's contention that Plaintiffs are necessarily barred from obtaining replacement cost under the policy by their failure to rebuild the home within 180 days of receiving actual cash value. That issue is not presently before the Court, and as Defendant maintains, such a claim would not be ripe at this time since Plaintiffs have not rebuilt their house.[4] However, it is well-settled law in New York that "a party to a contract cannot rely on the failure of another to perform a condition precedent where the party has frustrated or

---

[3]*See*, Decision and Order [#89] at 16 ("Plaintiffs' claim for breach of contract based on Defendant's alleged failure to engage in the appraisal process with regard to actual cash value was not dismissed, and remains a part of this action.").

[4]See, Decision and Order [#23] at 4-5 ("In regard to the alleged failure to pay, while it is not spelled out in the Amended Complaint, plaintiffs apparently contend that defendant improperly calculated the actual value of their destroyed home, and failed to reimburse them for certain additional living expenses, such as hotel and telephone charges."); *see also*, Decision and Order [#89] at 19 (Indicating that Plaintiffs' claims for failure to pay involve "failure to pay the correct amounts for actual cash value and additional living expenses.").

prevented the occurrence of the condition." *Lager Assocs. v. City of New York,* 304 A.D.2d 718, 719, 759 N.Y.S.2d 116, 119 (2d Dept. 2003) (citation omitted). Moreover, this Court stated in the prior Decision and Order that "[t]here are issues of fact as to whether Defendant prevented Plaintiffs from rebuilding, by failing to pay them the correct amount for actual cash value and by failing to honor the policy's appraisal clause." (Decision and Order [#89] at 24, n. 12). The Court therefore denies that portion of Defendant's application which seeks an advisory declaratory ruling that Plaintiffs are barred from obtaining replacement cost as a matter of law if and when they rebuild their house.

## CONCLUSION

For all of the foregoing reasons, Defendant's Motion for Reconsideration [#90] is granted in part and denied in part, as follows: Plaintiff's claim for breach of the appraisal clause relating to replacement cost is dismissed; otherwise, Defendants application is denied.

SO ORDERED.

Dated:   January 11, 2011
         Rochester, New York

ENTER:

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge